### GIBBONS v. HELLWIG.

(Supreme Court, Appellate Term. May 24, 1899.)

1. LANDLORD AND TENANT—ACTION FOR RENT—DISMISSAL OF COMPLAINT.
   In an action to recover rent, by one designated as "trustee" in the summons and as "assignee" in the stenographer's minutes, where the evidence introduced by him fails to show any right or authority in him to prosecute the action in any capacity, it is proper to dismiss the complaint.

2. APPEAL.
   The exclusion of a paper offered in evidence cannot be said to be error where the record does not show its contents or why it was offered in evidence.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by George W. Gibbons, as trustee, against Anthony E. Hellwig. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

D. T. Kimball, for appellant.
George W. Galinger, for respondent.

FREEDMAN, P. J. The plaintiff brought this action to recover the rent for certain premises, upon which he claimed there was a balance of $5 due for the month of January, 1898, and $65 per month for

each of the months of February, March, and April, 1898. At the close of the plaintiff's case, the defendant made a motion to dismiss the complaint, which motion was granted. In such a case the facts most favorable to the plaintiff must be regarded as established.

The plaintiff is designated in the summons herein as "trustee," and in the stenographer's minutes as "assignee." In whatsoever capacity he may have brought this action, the proof entirely fails to show that he had any right or authority to do so, or any cause of action against the defendant. The only witnesses sworn on the trial, on the part of the plaintiff, were one Thomas M. Roach and the defendant himself. From their testimony it appears that one J. A. Demarest was the owner of the premises; that prior to January, 1897, one Hepner was the lessee under Demarest; and that Hellwig, the defendant, was a tenant, leasing that portion of the premises occupied by him from Hepner. It further appears that in January, 1897, Roach leased the property from Demarest for five years, that Hepner was dispossessed, and that Roach thereupon took possession of the premises. There is no testimony in the case showing any connection between Roach and the plaintiff.

Upon the trial, a certain paper, shown to have been signed by Roach, was offered in evidence, and excluded under objection made thereto by defendant's counsel. What the contents of that paper were do not appear. There is nothing in the testimony tending to show that the paper contained any authority or conferred any power upon the plaintiff to bring this action, and the record is silent as to the reason why the paper was offered in evidence. For all that appears, the paper may have been excluded because it was immaterial, and we therefore cannot say that it was error to exclude it. The paper, or a copy of it, should have been annexed to the return. The plaintiff is not shown to have any interest in the cause of action whatever, and the judgment of the trial court in dismissing the complaint was therefore correct, and should be affirmed.

Judgment affirmed, with costs to respondent. All concur.